A. B. ENGREM *v.* JOHN J. MYERS.

*Costs.*

1. The plaintiff brought his action before a justice of the peace, and was defeated; appealed to the County Court, and was defeated there on the questions litigated, but had judgment upon three small items amounting to $1.20, not disputed. *Held*, that the plaintiff could recover only $5.00 costs; and that defendant could recover his costs, $31.91, accruing upon the disputed items.
2. R. L., ss. 1444; 1451, costs, construed.

ASSUMPSIT. The plaintiff's account was for keeping six horses, $133.50 ; wintering one colt, $15.00 ; paid for cleaning horse, 50 cents ; paid for drawing shoes, 20 cents ; paid for shoeing horse, 50 cents. The court below rendered judgment for the plaintiff to recover $1.20 damages, and $5.00 costs ; and taxed the defendant's costs at $31.91.

*Fayette Potter* and *James C. Barrett*, for the plaintiff.

*Edward Dana* and *W. C. Dunton*, for the defendant.

The opinion of the court was delivered by

REDFIELD, J. This is a mere question of costs. The suit was brought before a justice of the peace; and judgment was there rendered for the defendant to recover his costs; and the cause appealed by the plaintiff. In the County Court, the defendant prevailed in the matters litigated; but there were three small items, amounting to $1.20, for *money paid*, which were not disputed, upon which plaintiff had judgment and for $5.00 costs. The County Court allowed the defendant to recover costs that accrued in regard to the litigated items, in which defendant prevailed.

The declaration is in the common counts. The two first items on which the defendant prevailed, for the sum of $148.50 under the declaration, could be recovered only on the *count* or claim of " a like sum for certain work and labor, care and diligence," &c. The items on which plaintiff recovered, could only be recovered in the *count* or claim " for money *paid*."

The statute 1444 sec., R. L., provides that a plaintiff shall recover no more than $5.00 costs if the amount of the debt, or damages recovered, does not exceed that sum. Section 1445 provides : " When the plaintiff appeals from the decision of a justice, the County Court shall be governed by the same rule in taxing costs as is prescribed for the justice court." There is no doubt then that the restriction of the plaintiff's costs was in accord with the peremptory requirements of the statute. The general provisions of the statute, sec. 1451, R. L., provide that : " When an action pending in the County or Supreme Court involves the trial of several distinct issues, or of several distinct claims, the court shall allow to each party the costs accruing upon the issues or claims upon which he prevails." The claims in this case were " several and distinct "; this is enough to justify and make imperative the judgment of the County Court. And we think the issues in this case were several and distinct. The plea of *non-assumpsit* to the general counts, puts in issue the claim in the averments for money *paid*, and money *had and received*, and for *labor done*, as fully as if those claims had been averred in several distinct, separate counts. No recovery could have been

had upon the two first items, (which were the only items litigated,) except upon the averment, in the general count, for *labor done* and *diligence bestowed.* The defendant therefore recovered upon a separate and distinct issue, and a separate and distinct claim.

The judgment of the County Court is affirmed.